UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ELECTRONICALLY
FILED
May 17 2018
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| Troy Chanze, Sr., Individually and as Class Representative, ) ) ) Plaintiff, ) ) v. ) ) Air Evac EMS, Inc., ) ) Defendant. ) | Case No. 5:18-CV-89 (Stamp) Removed from Wetzel County Circuit Court, Case No. 18-C-29 |

## NOTICE OF REMOVAL

Defendant Air Evac EMS, Inc. ("Air Evac") removes this matter from the Circuit Court of Wetzel County, State of West Virginia, to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As set forth below, this matter is properly removed because Defendant has complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), the codification of the Class Action Fairness Act.

### BACKGROUND

1. Plaintiff, Troy Chanze, Sr. ("Plaintiff"), filed the action styled *TROY CHANZE, SR., on his own behalf and on behalf of all others similarly situated v. AIR EVAC EMS, INC., a Missouri corporation*, Case No. 18-C-29 in the Circuit Court of Wetzel County, West Virginia on April 16, 2018. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all papers served in the State Court Action are attached hereto as Exhibits A, B, C, and D.

2. Plaintiff's claims purportedly arise out of injuries suffered during an April 2016 all-terrain vehicle accident in Wetzel County, West Virginia. Air Evac transported Plaintiff from the scene of the accident to West Virginia University Hospital. **Ex. A**, Class Action Complaint ¶

11. Plaintiff's insurance paid only some of his bill for the cost of the transport; Plaintiff did not pay the balance of his bill.  *See id.* ¶¶ 13–15.

      3.      Instead, Plaintiff filed the State Court Action, alleging that Air Evac charged unreasonable rates for its air ambulance services and in so doing "breached its duty to charge reasonable rates for services, breached the covenant of good faith and fair dealing, and/or was unjustly enriched at the expense of the Plaintiff class." *Id.* ¶ 2.

      4.      Plaintiff asserts two causes of action on behalf of himself and a purported class of similarly-situated individuals.  The first cause of action is for breach of implied contract, *id.* ¶¶ 35–40, and the second is for declaratory and injunctive relief, *id.* ¶¶ 41–50.  Plaintiff seeks compensatory damages, restitution, disgorgement, or, in the alternative, injunctive or declaratory relief, and attorneys' fees.  *Id.*, Prayer for Relief.

      5.      For each claim, Plaintiff seeks certification of a class defined as "[a]ll patients who, without entering a written agreement with Defendants [sic] for medical transport prior to the transport, received medical transport by Defendants [sic] from a location in West Virginia to a healthcare facility during the period of five (5) years prior to the commencement of this action." *Id.* ¶ 26.

      6.      On April 18, 2018, Plaintiff served a copy of the Class Action Complaint on the West Virginia Secretary of State as statutory attorney-in-fact for service on Air Evac.  Air Evac received a copy of the complaint and summons through its registered agent, CT Corporation, by certified mail on April 23, 2018, postmarked on April 19, 2018.  This Notice of Removal is timely because it is being filed within 30 days of the receipt by Air Evac of the initial pleading setting forth the claim for relief upon which Plaintiff's State Court Action is based.  28 U.S.C. §

1446(b)(1); *Lovern v. Gen Motors Corp.*, 121 F.3d 160, 161 (4th Cir. 1997) (holding that "notice must be filed within 30 days after service on the defendant of initial process").

7. Removal to the Northern District of West Virginia is proper because this District includes Wetzel County, West Virginia.  *See* 28 U.S.C. § 116(c).

8. Pursuant to 28 U.S.C. § 1446(d), Air Evac will give Plaintiff written notice of the filing of this Notice of Removal and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of Wetzel County, West Virginia.

## REMOVAL BASED ON THE CLASS ACTION FAIRNESS ACT

9. The Class Action Fairness Act ("CAFA") confers jurisdiction upon federal district courts over class actions in which (1) there are at least 100 proposed plaintiff class members, (2) any plaintiff class member is diverse in citizenship from any defendant, and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs.  28 U.S.C. § 1332(d).

10. As a threshold matter, this lawsuit is a proposed "class action" as defined by CAFA because it is a case brought by a representative of a putative class and was filed in state court pursuant to a statute or rule authorizing such a class.  *Id.* § 1332(d)(1)(B).  Plaintiff brings his claims under Rule 23 of the West Virginia Rules of Civil Procedure, which authorizes class actions.  Compl. ¶ 1.  Plaintiff also repeatedly refers to the "Class" and "members of the Class" he seeks to represent.  *Id.* ¶¶ 3, 6, 26–34.

11. The remaining requirements for CAFA jurisdiction are also met here.

### A.     **The Purported Class Consists of More Than 100 Members**

12. Although Air Evac does not believe that Plaintiff has defined a proper class or that a class can be defined or maintained under the circumstances alleged, Plaintiff's allegations indicate that the proposed class includes at least 100 members, as required by 28 U.S.C. §

1332(d)(5)(B). While Plaintiff makes no effort to quantify the potential scope of his proposed class, he defines the purported class to include patients who received medical transport by Air Evac from a location in West Virginia over a five-year period, and alleges that Air Evac has "multiple hospital and community bases within the state of West Virginia, and service[s] a large geographic area within the state." Compl. ¶¶ 26–27. Further, Plaintiff alleges that "[t]he members of the Class are so numerous that the joinder of all members is impractical." *Id.* ¶ 27.

13. Air Evac's records indicate that the number of transports from a location in West Virginia over the time period at issue exceed 1,000.[1]

### B. CAFA's Diversity-of-Citizenship Requirement Is Satisfied

14. Under CAFA, the requisite diversity of citizenship is satisfied as long as there is "minimal diversity;" that is, when "*any* member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis added); *see also Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 702 (4th Cir. 2010) (holding that CAFA confers "subject matter jurisdiction on federal courts over class actions in which the amount in controversy exceeds $5 million and in which any member of a class of plaintiffs is a citizen of a State different from any defendant") (quotations omitted).

15. Plaintiff is a citizen of West Virginia who resides in Marshall County, West Virginia. Compl. ¶ 9.

16. As alleged by Plaintiff, Air Evac is a foreign corporation, incorporated under the laws of Missouri with a principal place of business in O'Fallon, Missouri. *Id.* ¶ 10. Air Evac is

---

[1] Air Evac has not burdened the Court with unnecessary evidentiary submissions in support of the factual assertions in this Notice of Removal or the relevant factual allegations in the State Court Action. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (for removal purposes, "[a] statement 'short and plain' need not contain evidentiary submissions"). Air Evac will make such submissions at the Court's request or if Plaintiff moves to remand the case to state court.

therefore a citizen of Missouri, not West Virginia.  28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").  Therefore, the minimal diversity requirement under CAFA is met.  *Id.* § 1332(d)(2)(A).

      C.     **CAFA's Amount-In Controversy Requirement Is Satisfied**

     17.     Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs.  28 U.S.C. § 1332(d)(6).  The class claims alleged here by Plaintiff meet the jurisdictional threshold.

     18.     The amount in controversy is "not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties."  *Kemper v. Quicken Loans, Inc.*, 2013 WL 5504152, at * 2 (N.D.W.V. Oct. 2, 2013) (quotations and citations omitted); *Martin v. State Farm Mut. Auto Ins. Co.*, 2010 WL 3259418, at *5 (S.D.W.V. Aug. 18, 2010) (same).  Ordinarily, the "sum claimed by the plaintiff controls" the amount in controversy determination.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if "it is apparent, *to a legal certainty*, that the plaintiff cannot recover the amount claimed."  *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010).  Further, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554.

     19.     Plaintiff's complaint seeks damages on behalf of "[a]ll patients who, without entering a written agreement with Defendants [sic] for medical transport prior to the transport, received medical transport by Defendants [sic] from a location in West Virginia to a healthcare

facility during the period of five (5) years prior to the commencement of this action." Compl. ¶ 26. Although Plaintiff does not purport to quantify the total damages sought, he seeks a variety of monetary damages, including disgorgement of Air Evac's "illicit profits," "restitution of overpayments made by members of Plaintiff Class," compensatory damages, and all other allowable damages, among other things. *Id.* ¶¶ 40, 47, p. 10. On top of those damages, Plaintiff also seeks declaratory judgment, an injunction, and attorneys' fees. *Id.* at p. 10.

20.     With respect to Plaintiff's April 16, 2016 air ambulance transport in particular, Plaintiff alleges that Air Evac charged him $33,294, excluding the ancillary charges that were written off subsequent to the initial bill, of which Plaintiff's health insurance covered only $13,100. *Id.* ¶¶ 13–15. Plaintiff also alleges that the transport charge is excessive and unconscionable because it exceeds more "reasonable" rates, including: (1) the Medicare reimbursement rate of $6,123; (2) the rate that would have hypothetically been charged by STAT MedEvac, a competitor of Air Evac, of $16,683; and (3) "a reasonable level of reimbursement for this transportation," according to the Sentinel Air Medical Alliance, of $13,100, which happens to be the exact amount covered by Plaintiff's health insurance provider. *Id.* ¶¶ 14, 16–19. Thus, extrapolating Plaintiff's alleged damages relating to his individual transport to the entire class, the amount of alleged "overcharges" per plaintiff is between $16,611 and $27,171.[2] Multiplying the smallest alleged overcharge by 1,000 members (since, according to Air Evac's records, there were more than 1,000 transports from West Virginia during the alleged class period) results in more than $16 million in controversy, easily satisfying CAFA's requirement.

---

[2] Subtracting the Medicare reimbursement rate of $6,123 from Air Evac's final billed charge of $33,294 yields $27,171. Subtracting the hypothetical STAT MedEvac rate of $16,683 from $33,294 yields $16,611.

21. The injunctive relief sought by Plaintiff must also be considered when determining whether the amount in controversy exceeds $5,000,000. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). When calculating the amount-in-controversy, a court should ascertain the value of an injunction by reference to the larger of two figures: "the injunction's worth to the plaintiff or its cost to the defendant." *JTH Tax, Inc*, 624 F.3d at 639. Here, Plaintiff's requested injunctive relief includes an order requiring Air Evac to "(1) cease the charging of unreasonable rates; and (2) to cease its attempts to collect from the class outstanding medical bills for amounts beyond what are reasonable charges." Compl. ¶ 50. Plaintiff also seeks to have the Court declare that "the purported bills submitted by Defendant to Plaintiff and the class are unenforceable contracts." *Id.* ¶ 45. The potential cost to Air Evac of not being able to collect the outstanding balances of fees incurred in providing air ambulance services to Plaintiff and others who received transport from a location in West Virginia in the prior five years, or charge those fees incurred in future transports—considering that Air Evac has "multiple hospital and community bases within the State of West Virginia, and service[s] a large geographic area within the state," as Plaintiff has alleged—would easily exceed the $5,000,000 jurisdictional threshold. *See id.* ¶ 26. Thus, although Air Evac does not concede the propriety or breadth of the class as alleged by Plaintiff, or that any of Plaintiff's claims have merit, taking Plaintiff's allegations on their face demonstrates that the aggregated value of the "claims of the individual class members . . . exceed the sum or value of $5,000,000.00." 28 U.S.C. § 1332(d)(2).

22. Finally, to the extent there is any doubt whether the jurisdictional amount is met, CAFA's legislative history makes clear that such doubts should be resolved in favor of federal

jurisdiction. *See, e.g.*, S. Rep. 109–14, at 43 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 41 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."); *id.* at 35 (stating that the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications"); *id.* at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

23.     Because CAFA provides this Court with original jurisdiction of this matter, the case is properly removed.

## RESERVATION OF RIGHTS

24.     Air Evac denies the allegations contained in the State Court Action and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

25.     Further, in making the allegations in this Notice of Removal, Air Evac does not concede that the allegations in the State Court Action are accurate, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate. Moreover, Air Evac does not concede that Plaintiff's proposed class is properly defined or that class certification is appropriate. Air Evac explicitly reserves the right to challenge the putative class at an appropriate time.

26.     Air Evac also reserves the right to amend or supplement this Notice of Removal. If any questions arise as to the propriety of removing this matter, Air Evac requests the

opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that the State Court Action is removable.

## CONCLUSION

27.     Based on the foregoing, Defendant Air Evac EMS, Inc. respectfully removes this action from the Circuit Court of Wetzel County, West Virginia, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

/s/ Carte P. Goodwin
Carte P. Goodwin (WV Bar No. 8039)
FROST BROWN TODD, LLC
500 Lee Street East, Suite 401
Charleston, West Virginia 25301-3207
Telephone:  304.348.2422
Email: cgoodwin@fbtlaw.com

Joshua L. Fuchs (*pro hac vice motion forthcoming*)
Texas State Bar No. 24029559
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002-2712
Telephone: 832.239.3939
Facsimile:  832.239.3600
Email: jlfuchs@jonesday.com

Katelyn M. Matscherz (*pro hac vice motion forthcoming*)
Bar No. 308922
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Telephone:  412.394.7285
Facsimile:   412.394.7959
Email:  kmatscherz@jonesday.com

*Attorneys for Defendant Air Evac EMS, Inc.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

| | |
|---|---|
| Troy Chanze, Sr., Individually and as Class Representative, <br><br> Plaintiff, <br><br> v. <br><br> Air Evac EMS, Inc., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br> Case No. 5:18-CV-89 (Stamp) <br> Removed from Wetzel County Circuit Court, Case No. 18-C-29 |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing, including all attachments, was sent to counsel of record for Plaintiff Troy Chanze, Sr. on this 17th day of May, 2018, by Certified Mail as follows:

James G. Bordas, Jr.
Jason E. Causey
Bordas & Bordas, PLLC
1358 National Road
Wheeling, WV 26003
(304) 242-8410

/s/ Carte P. Goodwin
Carte P. Goodwin