# Exhibit A

Case 5:18-cv-00089-FPS   Document 1-1   Filed 05/17/18   Page 2 of 18   PageID #: 12

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

### In the Circuit Court of Wetzel County, West Virginia

I.     CASE STYLE:

Plaintiff:

**TROY CHANZE, SR.**

Case No. 18-C-_29_

Judge _Cramer_

vs.

|  | Days to Answer | Type of Service |
|---|---|---|

Defendant:

**AIR EVAC EMS, INC.**                          30                    Secretary of State
c/o CT Corporation System
5400 D Big Tyler Road
Charleston, WV  25313

Original and three copies of Complaint furnished herewith.

| PLAINTIFF: Troy Chanze Sr. | CASE NO. 18-C-_____ |
|---|---|
| DEFENDANT: Air Evac EMS, Inc. | |

## II.    TYPE OF CASE

| TORTS | OTHER CIVIL CASES | |
|---|---|---|
| _____ Asbestos | _____ Adoption | _____ Appeal from Magistrate Court |
| _____ Professional Malpractice | __X__ Contract | _____ Petition for Modification of Magistrate Sentence |
| _____ Personal Injury | _____ Real Property | _____ Appeal of Administrative Agency |
| _____ Product Liability | _____ Mental Health | __X__ Miscellaneous Civil |
| _____ Auto | _____ Other | |

III.    JURY DEMAND        __X__    YES        _____    NO

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR)        _____ April/2019

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMODATIONS DUE TO DISABILITY OR AGE?    _____ YES    __X__ NO

IF YES, PLEASE SPECIFY:

_____    Wheelchair accessible hearing room and other facilities
_____    Interpreter or other auxiliary aid for the hearing impaired
_____    Reader or other auxiliary aid for the visually impaired
_____    Spokesperson or other auxiliary aid for the speech impaired
_____    Other _____

Attorney Name: James G. Bordas, Jr.
                    and Jason E. Causey
Firm:  Bordas & Bordas, PLLC

Address: 1358 National Road
              Wheeling, WV 26003

Telephone: (304) 242-8410

Representing:

__X__ Plaintiff    _____ Defendant

_____ Cross-Complainant _____ Cross-Defendant

Date:  April 16, 2018

Signature

IN THE CIRCUIT COURT OF WETZEL COUNTY, WEST VIRGINIA

TROY CHANZE, SR., on his own behalf and
on behalf of all others similarly situated,

               Plaintiff,                          Civil Action No. 18-C-_____

    vs.

AIR EVAC EMS, INC., a                       Judge: _____
Missouri corporation,

               Defendant.

## CLASS ACTION COMPLAINT

    Plaintiff, Troy Chanze, Sr., brings this action against Defendant, Air Evac EMS, Inc.,
on behalf of himself and all others similarly situated pursuant to Rules 23(b)(2) and 23(b)(3) of
the Rules of Civil Procedure.

### NATURE OF THE CASE

    1.    Plaintiff brings this action under Rules 23(b)(2) and 23(b)(3) of the Rules of
Civil Procedure on behalf of himself and on behalf of similarly situated patients transported by
Defendant to the hospital from a location in West Virginia. For patients like Plaintiff, first
responders or other emergency personnel determine whether a patient needs a helicopter for
emergency travel to the hospital. As such, no written contract is established between patients
and the Defendant.

    2.    Instead of charging patients a uniform, customary, and reasonable rate,
Defendant seeks to charge higher prices that bear no reasonable relationship to the services
rendered or what is customarily charged for the services. On information and belief, these prices
and charges are generally many times the actual cost of providing medical transport. By forcing



**BORDAS**
AND
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

this pricing scheme upon Plaintiff and other patients without their knowledge and without regard to any health insurance payor, managed care payor, or governmental payor, Defendant breached its duty to charge reasonable rates for services, breached the covenant of good faith and fair dealing, and/or was unjustly enriched at the expense of the Plaintiff class.

3. In this action, Plaintiff, on behalf of the Plaintiff Class, seeks alternatively to enjoin Defendant from charging anything above the reasonable rate for services rendered, where the patient has not previously had a fair opportunity to negotiate a contract before services are rendered.

4. Defendant concealed its pricing structure by failing to enter into preferred provider contracts with managed care companies and requiring patients to pay the bill in full and seek reimbursement from their insurance companies.

5. Defendant does not negotiate rates with patients and instead impose excessive charges that bear no reasonable relationship to the cost of the services rendered.

6. The decision by Defendant to charge unreasonable prices is not supported by any rational pricing analysis. Instead, the prices charged Plaintiff and members of the Class are the result of Defendant's policy of establishing an inflated and unconscionable pricing scheme and seeking to capitalize on the duress of the patients who have little to no ability to negotiate.

## JURISDICTION AND VENUE

7. The Court has personal jurisdiction over Defendant because Defendant is authorized to, and conduct, substantial business in West Virginia, including Wetzel County.

8. Venue is proper in this court as the matters giving rise to this complaint arose in Wetzel County, West Virginia.

## THE PARTIES

9.      Plaintiff Troy Chanze, Sr., is a citizen and resident of Marshall County, West Virginia.

10.     Defendant, Air Evac EMS, Inc., is a foreign corporation, incorporated under the laws of Missouri with its principal place of business at 1001 Boardwalk Springs Place, Suite 250, O'Fallon, Missouri 63368. Defendant is registered to do business in West Virginia and may be served through its registered agent CT Corporation System, 5400 D Big Tyler Road, Charleston, West Virginia, 25313.

## FACTUAL BACKGROUND

11.     On April 16, 2016, Plaintiff was in an accident involving an all-terrain vehicle in Wetzel County, West Virginia. Defendant transported Plaintiff from the scene of the accident in Wetzel County, West Virginia, to West Virginia University Hospital in Morgantown, West Virginia—a distance of 39 air miles.

12.     No oral or written contract was agreed upon by Plaintiff and Defendant.

13.     Following transport, Defendant billed Plaintiff a total of $34,976.56, and itemized this charge as follows: $23505.00 for the base charge; $9,789.00 for 39 miles of transport; and $1,682.56 for other, unspecified charges.

14.     Plaintiff had insurance through the Health Plan, which allowed a reasonable amount of $13,100.00 for the transport.

15.     After write offs of ancillary charges in the amount of $1,682.56 and insurance payments, Defendant continued to bill Plaintiff in the amount of $20,244.00. This billing statement is attached as **Exhibit 1**.

3

16.     The amounts charged by Defendant for its services on April 16, 2016 were reviewed by Sentinel Air Medical Alliance, an organization that provides independent, retrospective clinical review of transport claims. The results of Sentinel's clinical review were summarized in a report dated July 27, 2016, which is attached as **Exhibit 2.**

17.     According to Sentinel's report, the Medicare reimbursement rate for this same transport would be $6,123. Defendant's charge was 571% of Medicare's reimbursement rate.

18.     According to Sentinel's report, the rate charged for this same transport by STAT MedEvac, "a premiere provider of air ambulance services," would be $16,683. Defendant's charge was 210% of the charges from this competing provider.

19.     According to Sentinel's report, "a reasonable level of reimbursement for this transport would be $13,100, "an amount which would provide defendant "with a 100% gross margin."

20.     Defendant's billing statement is a thinly veiled attempt to avoid the application of common law *quantum meruit*. Nonetheless, West Virginia law applies.

21.     On information and belief, the amount sought by Defendant exceeds the "uniform, customary, and reasonable amount" typically charged in West Virginia for similar transport. Moreover, the amount charged does not represent the reasonable value of services rendered and is excessive.

22.     Defendant's pricing policies and balance billing apply uniformly regardless of any amount that a third-party payor may make on behalf of their insured or member.

23.     At all material times Plaintiff lacked knowledge of the unreasonableness and unconventionality of the rate charged by Defendant for transport service.

4

24.     Plaintiff's action is not barred by 49 U.S.C. § 41713, the Airline Deregulation Act, as this action does not affect the price of air transportation and, as such, the price in Defendant's invoice was not an agreed upon amount prior to Defendant's transportation of Plaintiffs. The only basis Defendant has to enforce any rights against Plaintiff is through quasi contract or *quantum meruit* under state law.   Any application of 49 U.S.C. § 41713 would actually operate to prohibit Defendant from collecting any fees that were outside the four corners of a contract.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff adopts the previous allegations as if fully set forth herein.

26.     Plaintiff brings this action under Rules 23(b)(2) and 23(b)(3) of the Rules of Civil Procedure on behalf of a Class of all persons similarly situated, defined as follows:

> All patients who, without entering a written agreement with Defendants for medical transport prior to the transport, received medical transport by Defendants from a location in West Virginia to a healthcare facility during the period of five (5) years prior to the commencement of this action.

27.     The members of the Class are so numerous that the joinder of all members is impractical.  Defendants have multiple hospital and community bases within the state of West Virginia, and service a large geographic area within the state of West Virginia.

28.     Upon information, Defendant keeps detailed transport and billing records from which the class members can be readily and easily ascertained without resort to individualized fact finding. Specifically, those patients who received medical transport from a West Virginia location to a healthcare facility can be identified though Defendant's transport and medical records. The unreasonable rates charged by Defendant for each of those class members can also be determined by reference to Defendant's billing records.

5

29.    There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. The common questions of law and fact include, without limitation:

    (a)    whether the provision of medical transport by Defendant to members of the Class in the absence of a written agreement created an implied contract between Defendants and members of the class;

    (b)    whether members of the Class were charged prices for services rendered in the State of West Virginia that violated implied contracts between Defendant and members of the Class;

    (c)    whether members of the Class were charged prices by Defendant in the State of West Virginia that were so high as to be unreasonable and unconscionable;

    (d)    whether Defendant has been unjustly enriched by charging members of the Class unreasonably high rates for services and materials;

    (e)    whether Defendant breached a contractual relationship with the Plaintiff and members of the Class, including breach of the covenant of good faith and fair dealing, by charging members of the Class unreasonable prices for transport services;

    (f)    whether Plaintiff and members of the Class are entitled to restitution of overcharges collected by Defendant; and

    (g)    whether Plaintiffs and the Class Members sustained damages as a result of Defendant's breach of implied contract by charging an unreasonable rate.

30.    Plaintiff's claims are typical of those of the other class members because Plaintiff and the class received medical transport from Defendant for which they were billed excessive amounts. This is true regardless of whether Plaintiff or the class had a third-party payor at the time of transport. Plaintiff is part of the class he seeks to represent--he possesses the same interest as the absent class members and has suffered the same injury.

31.    Plaintiff will fairly and adequately represent and protect the interests of the members of the class and Plaintiff has retained competent counsel with experience in class

6

action litigation. Plaintiff has no interest that is contrary to, or in conflict with, those of the class that Plaintiff seeks to represent. The mere existence of third party payors that may have an obligation to pay a part of the unreasonable rates Defendant's charged to the class presents no intra-class conflict between Plaintiff or the class.

32.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

33.     Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class.

34.     Alternatively, Defendant has acted or refused to act on grounds that apply generally to the class, as alleged above, and injunctive relief is alternatively proper under Rule 23(b)(2).

**FOR A FIRST CAUSE OF ACTION**
**BREACH OF IMPLIED CONTRACT**

35.     Plaintiff adopts the allegations of the previous paragraphs as if fully restated herein.

36.     Prior to the receipt of services, no negotiation of contract terms took place, and Plaintiff and Defendant did not enter into either a written or oral agreement on the terms of any contract, particularly the price Defendant charged for transport services.

37.     Prior to sending Plaintiff and members of the class a bill, Defendant never disclosed the rates it charges for its services. As these agreements contained an undefined price term they constituted an implied contract and Defendant was obligated to charge the fair and reasonable value of the services and materials it provided to Plaintiff and each member of the class.

38.     Instead of charging Plaintiff and members of the Class the fair and reasonable value of its services and materials, Defendant breached the implied contracts, including the implied covenant of good faith and fair dealing, by charging inflated prices that bear no reasonable relationship to the services rendered.

39.     By any measure, the prices Defendant charged Plaintiff and members of the Class for medical transportation services were unreasonable. These prices far exceed lawful amounts under any reasonable measure, including, but not limited to, those paid by third-party payors, including the "uniform, customary, and reasonable" amount paid by health insurance companies and the amount paid by Medicare and Medicaid for the same services.

40.     As a result of Defendant's breach of the implied contracts, Plaintiff and members of the Class have incurred damages in the amount of the overcharges levied by Defendant. Plaintiff and members of the Class are therefore entitled to actual damages, pre-judgment interest, and such other relief as set forth in the prayer below.

## FOR A SECOND CAUSE OF ACTION
## DECLARATORY AND INJUNCTIVE RELIEF

41.     Plaintiff adopts the allegations of the previous paragraphs as if fully restated herein.

42.     Alternatively, Plaintiff seeks injunctive and declaratory relief for the purposes of determining questions of actual controversy between class members and Defendant.

8

43.     As set forth above, the alternatively proposed injunctive class also meets the requirements of Rule 23(a), as set forth above and incorporated here.

44.     Plaintiff seeks declarations to determine the rights of the class members and to enjoin Defendant from further engaging in a pattern of activity whereby it uniformly charge an unreasonable rate for transport services in West Virginia to persons that have no ability to negotiate and that lack knowledge of facts underlying the unreasonableness and unconventional nature of Defendant's rates.

45.     The implied contracts between Plaintiff and Defendant do not contain a defined price term which is necessary to the formation of an enforceable contract. As such, Plaintiff seeks an order from the Court that the purported bills submitted by Defendant to Plaintiff and the class are unenforceable contracts because of the lack of mutuality.

46.     In the absence of an enforceable contract, Defendant is entitled to receive the fair and reasonable value of the benefits bestowed upon members of the class. The charges billed by Defendant to members of the class greatly exceeded the reasonable value of the benefit bestowed. As a result, Defendant has been unjustly enriched by the overcharges it has levied against members of the Class through the improper and/or illegal acts alleged in this Complaint.

47.     Plaintiff and members of the class seek the disgorgement of Defendant's illicit profits, and restitution in the amount of excess charges levied by Defendant and other relief as set forth in the prayer below.

48.     As a result of Defendant's improper and unconscionable charging practices as described above, Plaintiff and all members of the class have suffered, and will continue to suffer, irreparable harm and injury.

9

49.    Accordingly, Plaintiff and members of the class respectfully ask the Court to enter a permanent injunction ordering Defendant to cease and desist its practice of charging Plaintiff and the class unconscionable and/or unreasonable prices for medical care, at rates far in excess of rates that are uniform, customary, and reasonable.

50.    Plaintiff and members of the Class further seek a prospective order from the Court requiring Defendant to: (1) cease the charging of unreasonable rates; and (2) to cease its attempts to collect from the class outstanding medical bills for amounts beyond what are reasonable charges.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the foregoing claims, Plaintiff, on behalf of himself and all members of the Class he represents, seeks judgment and relief against the Defendant as follows:

(a)    for an order certifying the Class, designating Plaintiff as the Class Representatives and Plaintiff's attorneys as Class Counsel;

(b)    for judgment on each claim against the Defendant on behalf of the class;

(c)    for compensatory and all other allowable damages under the causes of action asserted herein, including pre-judgment interest;

(d)    for an order requiring restitution of overpayments made by members of the Plaintiff Class to Defendant, and disgorgement of the money the Defendant had improperly collected;

(e)    alternatively, for permanent injunctive relieve enjoining the Defendant from continuing in the improper and/or unlawful acts alleged herein;

(f)    alternatively, in the unlikely event Plaintiff cannot meet the requirements of Rule 23(b)(3), for an order certifying certain liability issues which exist, predominate, and are susceptible to class-wide proof;

(g)    for reasonable attorneys' fees; and

10

(h)     for such other and further relief as the Court may deem appropriate.

## REQUEST FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class, requests trial by jury on all claims so triable.

TROY CHANZE, SR., Plaintiff

By: _____

James G. Bordas, Jr. #409
Jason E. Causey #9482
Bordas & Bordas PLLC
106 East Main Street
Wheeling, WV 26003
(304) 242-8410
*Counsel for Plaintiff*



P.O. Box 106
West Plains, MO 65775

patientaccounts@amgh.us
Phone: (877) 288-5340

*AIR EVAC LIFETEAM*  *Return Service Requested*

**online quickly & securely**
https://paportal.amgh.us/ael

SP5
Troy Chanze Sr
73 Davids Dr
Moundsville, WV 26041-3127

**Call #:** 30016588316A
**DOS:** 04/16/2016
**Pt. Name:** Troy Chanze Sr

Date Printed: 05/03/2017

| DESCRIPTION OF CHARGES | HCPC | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| Base Rate | A0431 | 1.0 | 23505.00 | 23505.00 |
| Loaded Miles | A0436 | 39.0 | 251.00 | 9789.00 |
| All Other Charges | | | | 1682.56 |
| | | | Total Charges | $34,976.56 |

| LAST PAYMENTS/CREDITS RECEIVED | CHECK # | PAYMENT DATE | AMOUNT |
|---|---|---|---|
| Write-Off Ancillary Charge(s) | | 01/05/2017 | 1682.56 |
| Insurance Payment | 30474 | 08/08/2016 | 2587.56 |
| Adjustment-Interest | 3723050 | 08/08/2016 | -90.09 |
| Payment-Interest | 08032016 | 08/08/2016 | 90.09 |
| Insurance Payment - Payment-Insurance-Primary | 3723050 | 08/08/2016 | 10462.44 |
| | | Total Credits | $14,732.56 |
| | | **Balance =>** | **$20,244.00** |

-------------------------------------------------------------------------------
^DETACH ALONG ABOVE LINE AND RETURN STUB WITH YOUR PAYMENT^
IF THERE ARE ANY CHANGES IN YOUR ADDRESS OR OTHER ACCOUNT INFORMATION PLEASE LET US KNOW. THANK YOU.
Please write your call # in the memo line on your check.

**Call Number:** 30016588316A    **TOTAL CHARGE:** $34,976.56    **Patient Name:** Troy Chanze Sr

**Current Balance:** $20,244.00
**Amount Enclosed** $ _____
**It is imperative that you contact me immediately to avoid further recovery efforts.**

Paying by Check authorized Air Evac EMS Inc. to send the information from your check electronically to you bank for payment. Your account will be debited in the amount of your check and the transaction will appear on your bank statement. You will not receive your cancelled check back. If we cannot post the transaction electronically a scanned image of your check will be submitted to the bank for processing. If you have any questions Please contact your Patient Accounts Representative.

**RETURN TO:**    **Air Evac Lifeteam   PO Box 106   West Plains, Mo 65775**



PLAINTIFF'S
EXHIBIT



# Sentinel
Air Medical Alliance

**800-763-4069**

1712 Pioneer Ave, Ste 216
Cheyenne, WY 82001
Fax: 406-756-3064

July 27, 2016

The Health Plan
52160 National Road East
St. Clairsville, OH 43950
Attn: Brenda Cappellini

Dear Ms. Cappellini,

Thank you for the opportunity to review and evaluate a claim for air ambulance transport service provided by Air Evac Lifeteam. The patient is a plan participant in an employer-sponsored health plan administered by The Health Plan.

On April 16, 2016, Air Evac Life Team transported the patient from the scene of an accident in New Martinsville, West Virginia, to West Virginia University Hospital in Morgantown, West Virginia, by helicopter. Transport distance was 39 air miles. Billed charges for this transport amount to **$34,977**. Specifically, the provider requests reimbursement under the following HCPCS codes:

| HCPCS Code | Description | Total Charges |
|---|---|---|
| A0431 | Ambulance service, base rate, rotor wing | 23,505 |
| A0436 | Rotor wing air mileage @ $251 per statute mile | 9,789 |

Reimbursement provided under **Medicare** for this transport would be **$6,123** under the following HCPCS Codes:

| HCPCS Code | Description | Allowance |
|---|---|---|
| A0431 | Ambulance service, conventional air services transport rotor wing | 4,796 |
| A0436 | Rotor wing air mileage @ $34.02 per statute mile | 1,327 |

Additionally, the provider requests reimbursement for consumables used during the transport. This practice is not standard in the industry. Providers typically bill for base rate and loaded miles HCPCS codes only, unless high cost drugs are administered. Most payors, including CMS and United Healthcare, do not allow for reimbursement under these codes as it is assumed that these services are covered under the base rate (HCPCS A0431).

<u>Transport time:</u> The *total elapsed time* for this patient transport, from initial notification to when the patient arrived at the receiving facility, was approximately 1 hour and 21 minutes.

sentinelairmedicalalliance.com

PLAINTIFF'S
EXHIBIT
2



# Sentinel
## Air Medical Alliance

800-763-4069

1712 Pioneer Ave, Ste 216
Cheyenne, WY 82001
Fax: 406-756-3064

July 27, 2016

<u>Medical necessity:</u>  Our physician reviewed the patient records associated with this transport and determined that transport by air ambulance was <u>not</u> medically necessary.

<u>Charges by other providers:</u>  STAT Medevac, a premier provider of air ambulance services in this area, would have charged $16,683 for this transport.  This is the non-network rate.  STAT Medevac operates much more complex and expensive aircraft than that utilized for this transport.

<u>Provider's costs:</u>  The aircraft used for this transport was a Bell 206 Jet Ranger single engine helicopter.  This is the least complex aircraft utilized in the air ambulance industry.  Further, operational costs of this aircraft are well below those of every other helicopter type used in the air ambulance industry.  Charter costs for this aircraft are typically less than $1,800 per flight hour.  It must be assumed that the charter operator makes a profit at this rate.

Total *flight time* for Air Evac Life Team's aircraft during this transport was approximately 1 hour and 12 minutes.

If Air Evac Life Team's charges are placed on an hourly basis, they amount to more than $29,147 per flight hour ($34,977/1.2).

By way of comparison, charter costs for a Boeing 747 are approximately $25,000 per flight hour.

Air Evac Life Team's costs for the medical crew that participated in this transport are less than $75 per hour each, inclusive of benefits.  Total medical crew time for this transport was approximately 2 hours.

Aircraft charter costs and medical crew cost data are presented for comparison purposes.  Sentinel Air Medical Alliance can estimate the provider's cost to perform the service by analyzing several factors, including operating structure, aircraft type and geographic area.  In this case, an estimate of the provider's costs can be derived by dividing their monthly operating costs of approximately $196,000 by an assumed 30 transports per month, or $6,533.  We are confident that a cost-plus reimbursement can be based on this figure.

<u>Recommendation:</u>  Under ERISA, plan sponsors have a fiduciary responsibility to ensure plan funds are expended for *reasonable* plan expenses.  It is assumed that the word "reasonable" relates to the pricing of services, as well as medical necessity.



# Sentinel
## Air Medical Alliance

800-763-4069

1712 Pioneer Ave, Ste 216
Cheyenne, WY 82001
Fax: 406-756-3064

July 27, 2016

Whether Air Evac Life Team's billed charges for this transport are viewed from the perspective of Medicare-plus, cost-plus, or in comparison to charges from another provider, they are not reasonable. These charges represent **571 percent** of the Medicare reimbursement rate, **535 percent** of the cost of providing the service, and **210 percent** of charges from a competing provider.

A reasonable level of reimbursement for this transport would be **$13,100.** This represents 214 percent of the Medicare reimbursement rate and provides Air Evac Life Team with a 100 percent gross margin. If the plan documents require reimbursement at the "Customary" rate, STAT Medevac's rate of $16,683 can be used as a reference.

For perspective, the gross average margin in the (for-profit) commercial aviation (charter) industry is generally less than 30 percent.

Alternatively, since it was determined by a physician that transport by air ambulance was not medically necessary, the plan may wish to reimburse the provider at the rate that would have been charged by a ground ambulance provider.

If you have any questions regarding this report, or need further assistance, please contact us at (800) 763 4069.

Sincerely,

Jeff Frazier
Partner

sentinelairmedicalalliance.com