IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TROY CHANZE, SR., on his own
behalf and on behalf of all
others similarly situated,

    Plaintiff,

v.                                    Civil Action No. 5:18CV89
                                                    (STAMP)
AIR EVAC EMS, INC.,
a Missouri corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

This case arises out of alleged breach of implied contract between the plaintiff, Troy Chanze, Sr. ("Chanze"), and defendant Air Evac EMS, Inc. (hereinafter, "Air Evac"). The plaintiff originally filed his class action complaint in the Circuit Court of Wetzel County, West Virginia against the defendant. The plaintiff's class action complaint seeks money damages, restitution and disgorgement, declaratory and injunctive relief, and attorneys' fees on behalf of the plaintiff Chanze individually and on behalf of a purported class of individuals who received Air Evac's medical transport services from a location in West Virginia to a healthcare facility over the past five years. In the first cause of action of the complaint, Chanze brings a breach-of-implied-contract claim, asserting that the rate he was charged for Air Evac's air ambulance services is unreasonable as a matter of West Virginia law. In the second cause of action of the complaint, Chanze seeks declaratory

and injunctive relief to bar Air Evac from charging its usual billed rates for air ambulance transportation services.

## I. Background

Defendant Air Evac removed the civil action to this Court on May 17, 2018. ECF No. 1. Defendant Air Evac filed a motion to dismiss (ECF No. 5) on May 24, 2018 asserting that the class action complaint is preempted in its entirety by the Airline Deregulation Act of 1978, which preempts state-law claims "having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1).

On June 1, 2018, plaintiff filed a motion to remand (ECF No. 13) this case to the Circuit Court of Wetzel County, West Virginia. On the same date, plaintiff also filed a motion to stay briefing (ECF No. 14) of Air Evac's motion to dismiss until the Court first addresses the jurisdictional issues raised in plaintiff's motion to remand. On June 6, 2018, this Court granted the plaintiff's motion to stay briefing on the motion to dismiss. ECF No. 16.

Plaintiff's motion to remand (ECF No. 13), filed pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332, asserts the defendant cannot meet the following requirements under the Class Action Fairness Act ("CAFA"): (1) that the class must consist of 100 or more members; and (2) that the amount in controversy must exceed $5,000,000.00. First, the plaintiff argues that the defendant has merely asserted that the class exceeds 100 members without offering any supporting

evidence.  ECF No. 13 at 4 (citing Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553-54 (2014)).  The plaintiff contends that this is not enough to establish jurisdiction, and states "[u]nless and until the Defendant provides the Court with provable data demonstrating that the class size does, in fact, exceed the 100-member minimum, the Plaintiff is entitled to remand."  ECF No. 13 at 5.  Further, the plaintiff argues that the defendant has not established that the amount in controversy exceeds $5,000,000.00 because the defendant merely speculates on an amount based on the defendant's estimate of the total number of class members and has provided "no data at all" to support its calculation of the amount in controversy.  ECF No. 13 at 5-6.  Plaintiff argues that "[w]ithout affidavits or supporting data confirming what the impact of an injunction would actually be, however, the Defendant cannot meet its federally imposed burden of proof."  ECF No. 13 at 7-8.

Defendant filed a response to the plaintiff's motion to remand (ECF No. 17) and contends that it properly stated its grounds for CAFA removal in its notice of removal attached the declaration of Joshua Redfield (ECF No. 17-1) as "evidence sufficient to establish, by a preponderance of the evidence, the jurisdictional facts required by CAFA."  ECF No. 17 at 1.  Defendant adds that "the Supreme Court requires no evidentiary submission at the notice of removal stage."  ECF No. 17 at 1.  The defendant argues that it

has already submitted proof of the number of emergency transports during the class period, and that this, combined with the plaintiff's allegations, establishes that the class exceeds 100 members. ECF No. 17 at 6. Further, the defendant argues it can establish that the amount in controversy exceeds $5,000,000.00 exclusive of interest or costs by multiplying the individual damage amounts pled in the complaint by the number of persons in an alleged class. ECF No. 17 at 7. Lastly, defendant contends that "the value of Plaintiff's claim for injunctive relief here independently establishes an amount in controversy exceeding $5 million." ECF No. 17 at 9.

The plaintiff did not file a reply to the defendant's response in opposition to the plaintiff's motion to remand.

The plaintiff's motion to remand is now ripe for decision. For the following reasons, the plaintiff's motion to remand (ECF No. 13) is denied.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. The Class Action Fairness Act ("CAFA") confers original jurisdiction on district courts over class actions in which (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); (2) "any member of a

class of plaintiffs is a citizen of a State different from any defendant," id. § 1332(d)(2)(A); and (3) "there are 100 or more plaintiff class members," id. § 1332(d)(5)(B). West Virginia ex rel. McGraw v. CVS Pharm., Inc., 646 F.3d 169, 174 (4th Cir. 2011). The claims of individual class members may be aggregated to meet the $5,000,000.00 amount in controversy. 28 U.S.C. § 1332(d)(6).

The burden of establishing the $5,000,000.00 jurisdictional threshold amount in controversy rests with the defendants. See Strawn v. AT&T Mobility LLC, 530 F.3d 293, 298 (4th Cir. 2008) (concluding that CAFA did not shift the burden of persuasion, which remains upon the party seeking removal). This Court has consistently applied the "preponderance of evidence" standard to determine whether a removing defendant has met its burden of proving the amount in controversy. The well-settled test in the United States Court of Appeals for the Fourth Circuit for calculating the amount in controversy is "'the pecuniary result to either party which [a] judgment would produce.'" Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (quoting Gov't Employees Ins. Co. v. Lally, F.2d 568, 569 (4th Cir. 1964)).

Accordingly, in this case, the defendants must show by a preponderance of the evidence that the pecuniary interest, in the aggregate, of either party is greater than $5,000,000.00. Under the statute, "one defendant may remove the entire action, including

5

claims against all defendants." Lowery v. Ala. Power Co., 483 F.3d 1184, 1196 (11th Cir. 2007).

Removal jurisdiction is strictly construed. If federal jurisdiction is doubtful, the federal court must remand. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

### III. Discussion

There is no dispute that complete diversity exists. The only issue is whether CAFA's jurisdictional requirements are satisfied here. Based on the record before this Court, defendant Air Evac has met its burden to establish CAFA jurisdiction and thus, the plaintiff's motion to remand must be denied.

This Court notes "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554. "While a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only allege federal jurisdiction with a short plain statement—just as federal jurisdiction is pleaded in a complaint—when removal is challenged, the removing party bears the burden of demonstrating that removal jurisdiction is proper." Strawn, supra at 297 (citing Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008)). As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in

controversy exceeds the jurisdictional threshold. Id. Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when the plaintiff contests, or the Court questions, the defendant's allegation. Id.

In this case, once plaintiff contested the amount in controversy by filing his motion to remand, the defendant appended to its response to plaintiff's motion a declaration of the Manager of Compliance and Audit for Revenue Cycle for Air Evac EMS, Inc., Joshua Redfield (ECF No. 17-1). In his declaration, Mr. Redfield states, in part:

> 2. In my role as Manager of Compliance and Audit for Revenue Cycle, I have personal knowledge regarding air ambulance services provided by Air Evac in West Virginia and billing activity associated with those services.
>
> 3. I have reviewed the complaint filed by Plaintiff Troy Chanze, Sr. I have also reviewed internal transport records for Air Evac emergency transports in West Virginia during the relevant time period.
>
> 4. From April 16, 2013 to April 16, 2018, Air Evac provided emergency transports for at least 6,000 patients from a location in West Virginia to a healthcare facility.
>
> 5. The total charges associated with the air ambulance services provided to the more than 6,000 patients exceed $200 million.

ECF No. 17-1.

In regard to whether the proposed class of plaintiffs would include at least 100 members, Air Evac has submitted proof to establish the number of emergency transports during the class period by attaching the declaration of Joshua Redfield, which

7

states, that Air Evac provided emergency air transportation to at least 6,000 individuals from a location in West Virginia to a healthcare facility during the period of April 16, 2013 to April 16, 2018.

The defendant then uses this information to calculate the amount in controversy, stating: "[m]ultiplying 6,000 transports during the class period by $16,611—the smallest purported overcharge after accounting for the write off of ancillary charges that can be derived from Plaintiff's own allegations-yields at least $99,666,000."  ECF No. 17 at 8.

This Court finds that multiplying the individual damage amounts pled in the complaint by the number of persons in an alleged class is a reasonable method for determining the amount in controversy. See Kemper v. Quicken Loans, Inc., No. 5:13-CV-91, 2013 WL 5504152, at *4 (N.D. W. Va. Oct. 2, 2013) (quotations and citation omitted).

This Court finds that the pleadings and declaration filed in this case are sufficient to demonstrate, under the Class Action Fairness Act and by a preponderance of the evidence, that the class of plaintiffs consists of 100 or more members and that the amount in controversy exceeds $5,000,000.00.

IV. Conclusion

For the above reasons, this Court finds that it has jurisdiction in this civil action under 28 U.S.C. § 1332(d). Accordingly, the plaintiff's motion to remand (ECF No. 13) is DENIED.

Further, as stated in this Court's previous order (ECF No. 16), the plaintiff shall have **fourteen (14) days** from the date of the entry of this order to file any response to defendant Air Evac's motion to dismiss (ECF No. 5).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: July 23, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE