IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TROY CHANZE, SR., on his own
behalf and on behalf of all
others similarly situated,

     Plaintiff,

v.                              Civil Action No. 5:18CV89
                                         (STAMP)

AIR EVAC EMS, INC.,
a Missouri corporation,

     Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

I.  Background

This case arises out of alleged breach of implied contract between the plaintiff, Troy Chanze, Sr. ("Chanze"), and defendant Air Evac EMS, Inc. (hereinafter, "Air Evac"). On April 26, 2016, the plaintiff, Troy Chanze, Sr., was injured in an all-terrain vehicle accident in Wetzel County, West Virginia. Due to the nature of his injuries and at the request of emergency service providers, the plaintiff was transported to the nearest trauma center, which was West Virginia University Hospital in Morgantown, West Virginia. The distance from the site of the wreck to the hospital was 39 air miles. The defendant, Air Evac, provided air transport for the plaintiff. After the transport, Chanze signed a written authorization, accepting financial responsibility for the services provided and acknowledging that he was responsible for any amount that was not covered by his insurance policy. In May 2017,

after the transport was complete, Air Evac provided a bill to the plaintiff in the amount of $34,976.56, which included a "base rate" of $23,505.00 plus a $9,789.00 "loaded mile" charge. The plaintiff was insured by The Health Plan. The Health Plan paid Air Evac the amount of $13,100.00 for the transport, and Air Evac continued to bill the plaintiff for the amount his insurance company did not cover and remained unpaid from the May 2017 billing statement.

The plaintiff originally filed his putative class action complaint, on his own behalf and on behalf of all others similarly situated, in the Circuit Court of Wetzel County, West Virginia against the defendant Air Evac. The plaintiff's putative class action complaint seeks money damages, restitution and disgorgement, declaratory and injunctive relief, and attorneys' fees on behalf of the plaintiff Chanze individually and on behalf of a purported class of individuals who received Air Evac's medical transport services from a location in West Virginia to a healthcare facility over the past five years.

## II.  Procedural History

Defendant Air Evac removed the civil action to this Court on May 17, 2018 on the basis of original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). ECF No. 1. In the first cause of action of the complaint, Chanze brings a breach of implied contract claim, asserting that the rate he was charged for Air Evac's air ambulance services is unreasonable as a matter of West

Virginia law.  In the second cause of action of the complaint, Chanze seeks declaratory and injunctive relief to bar Air Evac from charging its usual billed rates for air ambulance transportation services.

Defendant Air Evac filed a motion to dismiss (ECF No. 5) on May 24, 2018, asserting that the putative class action complaint is preempted in its entirety by the Airline Deregulation Act of 1978 ("ADA"), which preempts state-law claims "having the force and effect of law related to a price, route, or service of an air carrier."  49 U.S.C. § 41713(b)(1).

On June 1, 2018, plaintiff filed a motion to remand this case to the Circuit Court of Wetzel County, West Virginia.  ECF No. 13. On the same date, plaintiff also filed a motion to stay briefing of Air Evac's motion to dismiss until the Court first addresses the jurisdictional issues raised in plaintiff's motion to remand.  ECF No. 14.  On June 6, 2018, this Court granted the plaintiff's motion to stay briefing on the motion to dismiss.  ECF No. 16.

This Court then considered plaintiff's fully briefed motion to remand and entered a memorandum opinion and order denying the plaintiff's motion to remand.  ECF No. 21.  As to defendant's motion to dismiss (ECF No. 5), the contentions of the parties are now fully briefed and Air Evac's pending motion to dismiss plaintiff's complaint is ripe for decision.

This Court, having reviewed the defendant's fully briefed motion to dismiss and memorandum in support (ECF Nos. 5, 6), the plaintiff's response in opposition (ECF No. 22) and defendant's reply thereto (ECF No. 23), and the memoranda and exhibits submitted by the parties, and for the reasons set forth below, finds that the plaintiff's putative class action complaint is preempted in its entirety by the ADA. Accordingly, defendant Air Evac's motion to dismiss (ECF No. 5) must be granted.

## III. <u>Applicable Law</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller,

<u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998).  The Rule
12(b)(6) motion also must be distinguished from a motion for
summary judgment under Federal Rule of Civil Procedure 56, which
goes to the merits of the claim and is designed to test whether
there is a genuine issue of material fact.  <u>Id.</u>  For purposes of
the motion to dismiss, the complaint is construed in the light most
favorable to the party making the claim and essentially the court's
inquiry is directed to whether the allegations constitute a
statement of a claim under Federal Rule of Civil Procedure 8(a).
<u>Id.</u> § 1357.

A complaint should be dismissed "if it does not allege 'enough
facts to state a claim to relief that is plausible on is face.'"
<u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (quoting
<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "Facial
plausibility is established once the factual content of a complaint
'allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged.'"  <u>Nemet Chevrolet</u>,
591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949).  Detailed
factual allegations are not required, but the facts alleged must be
sufficient "to raise a right to relief above the speculative
level."  <u>Twombly</u>, 550 U.S. at 555.

An action will be dismissed for failing to state a claim if it
appears that the plaintiff can prove no set of facts that would
entitle him to relief.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46,

78 S. Ct. 99, 2 L.Ed.2d 80 (1957).  Dismissal under Rule 12(b)(6)
is proper if a dispositive issue of law bars a plaintiff's claims.
See Neitzke v. Williams, 490 U.S. 319, 326 (1989).  "Such is the
case when the face of the complaint clearly reveals the existence
of a meritorious affirmative defense, such as federal preemption."
Peal v. N. Carolina Farm Bureau Mut. Ins. Co., 212 F. Supp. 2d 508,
512 (E.D.N.C. 2002) (citing Brooks v. City of Winston-Salem, 85
F.3d 178, 181 (4th Cir. 1996)).  The affirmative defense of
preemption may be resolved on a motion to dismiss, provided the
facts necessary to determine the issue clearly appear on the face
of the complaint.  Franklin Livestock, Inc. v. Boehringer Ingelheim
Vetmedica, Inc., 113 F. Supp. 3d 834, 837 (E.D.N.C. 2015) (citing
Goodman v. Praxair, Inc., 494 F.3d 458 (4th Cir. 2007) (en banc);
Great-W. Life & Annuity Ins. Co. v. Info. Sys. & Networks Corp.,
523 F.3d 266, 272 (4th Cir. 2008)); Seagram v. David's Towing &
Recovery, Inc., 62 F. Supp. 3d 467, 477 (E.D. Va. 2014) ("A Rule
12(b)(6) motion to dismiss is a proper vehicle by which a court may
consider a preemption claim."); O'Boyle v. Superior Moving &
Storage, Inc., No. 5:09-CV-166, 2009 WL 2496933, at *3 (S.D. W. Va.
Aug. 13, 2009) ("A claim arising from state law that is preempted
by federal law is  not a cognizable legal claim.  No set of facts
will establish a plausible right to relief if the legal basis for
the claim is preempted.").

## IV. Contentions of the Parties

Defendant Air Evac filed a motion to dismiss (ECF No. 5) asserting that the plaintiff's putative class action complaint is preempted in its entirety by the Airline Deregulation Act of 1978 ("ADA"), which preempts state-law claims "having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). ECF No. 5 at 1-2. In support, defendant asserts that the ADA contains a broad, express preemption provision and that the ADA preemption clause encompasses state common law claims that impose a state standard on an air carrier's price or service. ECF No. 6 at 12, 14. Defendant contends that Air Evac is an "air carrier" under the ADA, and thus, plaintiff's breach of implied contract claim (first cause of action) is preempted. ECF No. 6 at 16, 17. Further, defendant contends that Chanze's claim for declaratory and injunctive relief (second cause of action) is also preempted by the ADA. ECF No. 6 at 24. Lastly, defendant asserts that any equitable claims asserted by the plaintiff are also preempted. ECF No. 6 at 26. Defendant states that "[b]ecause Chanze's claims are preempted by the ADA, this Court should dismiss the Class Action Complaint in its entirety." ECF No. 6 at 29.

The plaintiff filed a response in opposition to the defendant's motion. ECF No. 22. In response, the plaintiff argues that the scope of preemption under the ADA is restrained and

limited. _Id._ at 3. First, the plaintiff contends that the claim falls under the _Wolens_ exception, which is an exception for claims seeking recovery "solely for the airline's alleged breach of its own, self-imposed undertakings." _Id._ at 3-4 (citing _Am. Airlines, Inc. v. Wolens_, 513 U.S. 219, 228-29 (1995)). The plaintiff asserts that under _Wolens_, the ADA does not preempt state law claims alleging breach of contract. _Id._ at 4. Second, the plaintiff argues that Air Evac is not a "common carrier" within the meaning of the ADA because: (1) it does not have regular transportation routes and does not have approved (or public) rates for its services; and (2) it only transports a certain category of customers (those persons whose injuries are deemed to be sufficiently serious by medical personnel). _Id._ at 6-8. Lastly, the plaintiff argues that if the ADA applies, it results in an "as applied" due process violation because it is arbitrary and irrational to require the plaintiff, who had no choice about whether to be transported by Air Evac, to pay whatever charge Air Evac sees fit to impose. _Id._ at 8. Specifically, the plaintiff contends that the application of the ADA would be arbitrary and irrational if Air Evac was permitted by statute to charge an unregulated fee following a transport and plaintiff is prevented from challenging that amount. _Id._ at 9.

The defendant filed a reply to the plaintiff's response in opposition to defendant's motion to dismiss. ECF No. 23. First,

the defendant argues that Air Evac is a "common carrier" and an
"air carrier" under the ADA, because Air Evac transports all
injured people who need air ambulance services, and states that a
"common carrier" does not need to make its services available to
the public at large, but rather the crucial factor "is whether the
carrier has held itself out to the public or to a definable segment
of the public as being willing to transport for hire,
indiscriminately." Id. at 6, 8. The defendant asserts that
because Air Evac transports air services without regard to the
patient's insured status, it is a "common carrier." Id. Second,
the defendant argues that plaintiff's breach of contract claim does
not fit within the Wolens exception to ADA preemption, because his
claim is not a routine breach of contract claim. Id. at 9-10. The
defendant analogizes the case at hand to Schneberger v. Air Evac
EMS, Inc., No. CIV-16-843-R, 2017 WL 1026012, at *4 (W.D. Okla.
Mar. 15, 2017), where the court refused, based on ADA preemption,
plaintiff's request for the court to impose a "fair and reasonable"
price for air ambulance services on Air Evac under state contract
law. Id. at 11. Moreover, the defendant argues that obtaining an
express agreement on price prior to transport or submitting Air
Evac to a court-determined rate is a state policy-based standard
that would be applied across the board, which is inconsistent with
Congress's intent to leave such decisions to the competitive
marketplace. Id. at 14. Similarly, the defendant argues that

equitable relief is preempted. Id. at 15-16. Third, the defendant argues that the ADA is not arbitrary or irrational since it is "rationally related to Congress's goal of deregulating the air transportation industry to ensure transportation rates, routes, and services reflect maximum reliance on competitive market forces." Id. at 18-19 (citing Stout v. Med-Trans Corp., No. 1:17-CV-115, 2018 WL 3090391 (N.D. Fla. May 2, 2018)). Lastly, defendant argues that, far from acting in an arbitrary or irrational manner, Congress was aware of who was included in the ADA's definition of "air carrier" and made a "deliberate, considered choice" to enact language that includes air ambulances within the preemption provision's scope. Id. at 19 (citing Schweiker v. Wilson, 450 U.S. 221, 235-238 (1981).

Defendant further filed a "notice of supplemental authority" (ECF No. 24) regarding Ferrell v. Air Evac EMS, Inc., No. 17-2554, 2018 WL 3886688 (8th Cir. Aug. 16, 2018), which was recently decided by the United States Court of Appeals for the Eighth Circuit. Defendant also filed an additional "notice of supplemental authority" (ECF No. 25) regarding Schneberger v. Air Evac EMS, Inc., No. 17-6154, 2018 WL 4183460 (10th Cir. Aug. 31, 2018) (unpublished), which was recently decided by the United States Court of Appeals for the Tenth Circuit.

## V.  <u>Discussion</u>

This Court finds that Chanze's claims for breach of implied contract, declaratory and injunctive relief, and equitable theories of recovery all fail as a matter of law and are subject to dismissal because they are preempted by the Airline Deregulation Act of 1978.

In pertinent part, 49 U.S.C. § 41713(b)(1), "[p]reemption of authority over prices, routes, and service," states:

> [A] State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b)(1).

This language expressly preempts the States from enacting or enforcing any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier. <u>Morales v. Trans World Airlines, Inc.</u>, 504 U.S. 374, 383, 112 S. Ct. 2031 (1992) (citation omitted); 49 U.S.C. § 41713(b)(1). This express and sweeping preemption clause "stops States from imposing their own substantive standards with respect to rates, routes, or services" of an air carrier. <u>Wolens</u>, 513 U.S. at 232. Under the ADA, the Supreme Court explained, a state law has the "force and effect of law" when it represents the State's effort to impose its "own substantive standards with respect to rates, routes, or services." <u>Wolens</u>, 513

U.S. at 232.  By contrast, state laws that enforce an air carrier's "own, self-imposed undertakings" do not have the requisite legal force or effect.  Id. at 228.

The ADA therefore preempts a state law or state-law claim where three criteria are met: (1) the entity affected by the challenged provision must be an "air carrier"; (2) the provision must have "the force and effect of law"; and (3) the provision must "relate[] to a price, route or service of" an air carrier.  49 U.S.C. § 41713(b)(1).

First, as an initial matter, this Court finds that Air Evac is an "air carrier" for purposes of the ADA and thus may invoke the federal-preemption defense.  The ADA defines "air carrier" as "a citizen of the United States undertaking by any means, directly or indirectly, to provide air transportation."  49 U.S.C. § 40102(a)(2).  Air Evac provides air ambulance services when dispatched by a third party such as a first responder or medical professional and, under West Virginia law, it must transport all patients regardless of insurance status or ability to pay.  ECF No. 6 at 16.  Further, Air Evac is authorized by the Federal Aviation Administration to operate as an "air carrier" under 49 C.F.R. Part 119 and to provide on-demand air ambulance services in "the 48 contiguous United States and the District of Columbia" under 49 C.F.R. Part 135.  Schneberger, 2017 WL 1026012 at *2.  The Department of Transportation has also authorized Air Evac to

12

operate as an "air taxi" (i.e., transport persons by air) under 14
C.F.R. Part 298. Because of these federal authorizations, courts
have all but uniformly held that air ambulance providers are "air
carriers" under the ADA. See, e.g., Schneberger, 2017 WL 1026012
at *2; Cheatham, 2017 WL 4765966 at *5 (noting that no other courts
have ruled that air ambulances were not air carriers under ADA,
observing that Department of Transportation licensed Air Evac as an
air carrier, and holding "that Air Evac's practice of providing
emergency air ambulance services indiscriminately when called upon
by third party professionals, together with its certification as an
air carrier by the Department of Transportation and court cases
affirming this status, qualify Air Evac as an air carrier under the
ADA"). Plaintiff's argument to the contrary is an outlier, and
this Court is not persuaded.

Second, this Court finds that plaintiff's breach of implied
contract claim (first cause of action) also has "the force and
effect of law" because it asks this Court to impose a lower rate
for Air Evac's services than its billed charges. 49 U.S.C.
§ 41713(b)(1). This Court is tasked with determining whether
Chanze's claims allege a violation of state-imposed obligations or
seek recovery solely for the Air Evac's alleged breach of its own,
self-imposed undertakings. Wolens, 513 U.S. at 228. As the Court
in Cheatham noted, "[t]he Supreme Court has held that the
determination of whether a statute has the 'force and effect of

law' hinges on whether the State acts as a market participant rather than a market regulator." 2017 WL 4765966 at *6 (citing American Trucking Ass'ns v. City of Los Angeles, 133 S. Ct. 2096 (2013) (interpreting the Federal Aviation Administration Authorization Act)). In Wolens, the Court further held that the ADA's preemption provision "stops States from imposing their own substantive standards with respect to rates, routes, or services." 513 U.S. at 232. The ADA does not, however, prevent States from enforcing an air carrier's "own, self-imposed undertakings." Id. at 228. "[A]n air carrier may bring a state action to enforce the terms of a contract, whether express or implied, or the person with whom an air carrier has contracted may bring a breach-of-contract action against the air carrier — so long as the action concerns voluntary commitments and not state-imposed obligations. Bailey v. Rocky Mountain Holdings, LLC, 889 F.3d 1259, 1268 (11th Cir. 2018) (citing Wolens, 513 U.S. at 232–33, 237).

The plaintiff contends that the ADA does not preempt state law claims alleging breach of contract, and thus, the plaintiff's claim fits within the Wolens exception. This Court disagrees, and finds that Chanze's breach of implied contract claim asserted in the first cause of action does not fit within the narrow exception set forth in Wolens for routine breach of contract claims as it is not based on Air Evac's "voluntary undertakings." See Wolens at 232–33 (finding the ADA's preemption clause stops States from imposing

14

their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated). As another federal court stated in rejecting an identical contract claim, "this Court would not be the first to dismiss a claim for excessive air carrier rates when the claim was merely masquerading as one for breach of contract." Schneberger, 2017 WL 1026012, at *4. This Court finds that the Wolens exception, as argued by the plaintiff, does not apply, and plaintiff's claim does not escape preemption.

Third, this Court finds that the final requirement for ADA preemption is met in that Chanze's claim relates to Air Evac's prices and services. 49 U.S.C. § 41713(b); Morales at 383. The Supreme Court has identified 'relating to' as the key phrase in the ADA's preemption provision, holding that "[t]he ordinary meaning of these words is a broad one — 'to stand in some relation; to have bearing or concern; to pertain; refer, to bring into association with or connection with' — and the words thus express a broad pre-emptive purpose." Cheatham, 2017 WL 4765966 at *6 (citing Morales, 504 U.S. at 383). As the Supreme Court explained in Morales, the ADA expressly preempts all state laws and claims that either (1) "bear[] a reference to" an air carrier's rates, routes, or services or (2) "have a . . . significant effect upon" them. 504 U.S. at 388. Chanze's breach of implied contract claim does

both.  As Air Evac correctly states, "[u]nder the statute, multiple federal district courts in the same purported class action context have refused to deploy state contract law to set air ambulance rates based on a court's policy-based conception of a 'reasonable' price for air ambulance services, because doing so would violate the ADA."  ECF No. 6 at 12.  This Court agrees, and will follow suit.

Further, Chanze's claim for declaratory and injunctive relief (second cause of action), as well as his requested equitable relief, is also preempted by the ADA.  The second cause of action seeks a disgorgement of all illegal profits retained by Air Evac and an injunction preventing it from charging and/or collecting illegal profits in the future.  These claims fail for substantially the same reasons set forth in the analysis of the first cause of action above.  Plaintiff's requested injunctive relief, an order forbidding Air Evac from charging an "unreasonable rate for transport services in West Virginia," amounts to a remedy which falls outside the <u>Wolens</u> exception to ADA preemption.  Additionally, plaintiff's request that this Court impose a lower rate is the type of action the ADA's preemption provision seeks to prevent.  <u>Schneberger</u>, 2017 WL 1026012, at *5.  For the same reasons previously stated, Chanze's allusions to claims sounding in equity also fail.

Lastly, plaintiff argues in the alternative that "[e]ven if the court finds that the plaintiff's claims are ADA-preempted, applying the ADA to air ambulances, particularly under the facts presented here, would violate due process." ECF No. 22 at 3. This argument is without merit. "To comport with the limited scope of substantive due process protection, economic legislation need only be rationally related to a legitimate government interest." Star Scientific Inc. v. Beales, 278 F.3d 339, 348 (4th Cir. 2002). The Due Process Clause is satisfied so long as a law is rationally related to "some conceivable purpose that is not prohibited by the Constitution." Beales, 278 F.3d at 350. If a piece of economic legislation "is supported by a legitimate legislative purpose furthered by a rational means, judgments about the wisdom of such legislation remain within the exclusive province of the legislative and executive branches." Holland v. Keenan Trucking Co., 102 F.3d 736, 740 (4th Cir. 1996) (citing Pension Benefit Guaranty Corp. v. R.A. Gray & Co., 467 U.S. 717, 729, 104 S. Ct. 2709, 2717-18 (1984)). Moreover, economic legislation "come[s] to the Court with a presumption of constitutionality, and . . . the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." Beales, 278 F.3d at 348-49 (citing Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 15, 96 S. Ct. 2882, 2892 (1976)). Thus, "[i]t is difficult to exaggerate the burden" that a party must overcome to demonstrate

that economic legislation fails rational basis review. <u>Beales</u>, 278 F.3d at 348–49 (citing <u>Holland</u>, 102 F.3d at 740).

This Court finds that the ADA is rationally related to Congress's goal of deregulating the air transportation industry to ensure transportation rates, routes, and services reflect maximum reliance on competitive market forces. <u>Stout</u>, 313 F. Supp. 3d at 1299. Put simply, the plaintiff fails to overcome the difficult burden of demonstrating that applying the ADA to air ambulances would violate due process. Moreover, this Court notes that the ADA provides Chanze with the opportunity to challenge air ambulances' pricing practices "by filing complaints of unfair or deceptive practices through the Department of Transportation." <u>Stout</u>, 313 F. Supp. 3d at 1299 (citing 49 U.S.C. § 41712(a)).

## VI.  <u>Conclusion</u>

For the reasons set forth above, this Court finds that the plaintiff's putative class action complaint is preempted in its entirety by the Airline Deregulation Act of 1978. Accordingly, the defendant's motion to dismiss (ECF No. 5) is GRANTED. Therefore, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment

on this matter.

     DATED:    November 1, 2018


                        /s/ Frederick P. Stamp, Jr.
                        FREDERICK P. STAMP, JR.
                        UNITED STATES DISTRICT JUDGE